No. 26-1721

---

ESTATE OF DANIEL PESAVENTO,
by Special Administrator Alexandra Pesavento,
and H.P, minor, by her mother and guardian,
Alexandra Pesavento,

Plaintiff-Appellee,

v.

BRYCE RUDEBECK,
And CITY OF APPLETON,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Eastern District of Wisconsin
Case No. 24-cv-647
The Honorable Byron B. Conway

---

**SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT**

---

Defendants-Appellants Bryce Rudebeck and City of Appleton, by their attorneys, Crivello, Nichols & Hall, S.C, respectfully submit this Docketing Statement pursuant to Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

This is an appeal from the district court's ruling on Defendants' Rule 56(a) Motion for Summary Judgment entered on March 10, 2026, by the Honorable Byron B. Conway, United States District Judge for the Eastern District of Wisconsin. The underlying action was brought pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth Amendment of the United States Constitution, including excessive force by Defendant Rudebeck; loss of companionship; and state-law claims for wrongful death, respondeat superior, and indemnification against the City of Appleton.

In its March 10, 2026 Opinion and Order, the district court: (1) denied Defendants' motion for summary judgment on Plaintiffs' use of force claim; (2) denied qualified immunity to Defendant Rudebeck on that claim; (3) denied Defendants' motion for summary judgment on Plaintiffs' loss of companionship claim; (4) denied Defendants' motion for summary judgment on Plaintiffs' state-law wrongful death and indemnification claims; and (5) granted Defendants' motion for summary judgment on Plaintiffs' state-law respondeat superior claim.

The Notice of Appeal was timely filed on April 8, 2026.

**Appellate Jurisdiction**

Statutory authority for appellate jurisdiction is found in 28 U.S.C. §§ 1291 and 1294. The denial of qualified immunity is an immediately appealable collateral order because qualified immunity confers immunity from suit, not merely a defense to liability. *Behrens v. Pelletier*, 516 U.S. 299, 315 (1996). An order denying qualified immunity is considered "final" for purposes of appeal to the extent it turns on issues of law.

Whether qualified immunity applies turns on two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, establish the violation of a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation. *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014). "If either inquiry is answered in the negative, the defendant official is protected by qualified immunity." *Koh v. Ustich*, 933 F.3d 836, 844 (7th Cir. 2019).

This appeal challenges the district court's legal conclusion that Defendant Rudebeck's use of deadly force against Daniel Pesavento violated clearly established law, thereby precluding qualified immunity. The district court did not cite any material disputes of fact preventing summary judgment on this claim.

## Relief Sought

In the district court, Defendants moved for summary judgment on all federal claims under 42 U.S.C. § 1983 based on qualified immunity and on the merits, as well as on the state-law claims for wrongful death, respondeat superior, and indemnification. The district court granted the motion in part and denied it in part, granting summary judgment only on the state-law respondeat superior claim.

On appeal, Defendant Rudebeck seeks review and reversal of the district court's denial of qualified immunity on Plaintiffs' Fourth Amendment excessive force claim.

Dated this 10th day of April, 2026.

By: */s/ Kiley B. Zellner*

SAMUEL C. HALL, JR.
State Bar No. 1045476
KILEY B. ZELLNER
State Bar No. 1056806
ZACHARY J. FLOOD
State Bar No. 1099136
BENJAMIN J. NICHOLS
State Bar No. 1138101
Attorneys for Defendants-Appellants
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203
Phone: 414-271-7722
Email: shall@crivellolaw.com
kzellner@crivellolaw.com
zflood@crivellolaw.com
bnichols@crivellolaw.com